### THE IRAGES.

### LYKES BROS., Inc., et al. v. SEGARI EXPORT & IMPORT CO.

#### (District Court, S. D. Florida. July 17, 1922.)

1. Seamen ⊗▷16—Wages not recoverable for services after seizure of vessel on process.

 Wages of seamen are not recoverable for services after seizure of the vessel by a marshal.

2. Shipping ⊗▷69—Master has no lien for wages.

 A master has no lien for wages.

3. Maritime liens ⊗▷8—Stevedores working under general contract not entitled to lien.

 A firm of stevedores *held* not entitled to a lien for services rendered under a general contract with the owner of a line of steamers.

In Admiralty. Suit by Lykes Bros., Incorporated, and others, against the Motor Schooner Irages; the Segari Export & Import Company, claimant. Decree for libelants and interveners.

McKay & Withers, of Tampa, Fla., for libelant Lykes Bros., Inc.

W. Hunt Harris, of Key West, Fla., for libelants Cahoon and others.

H. H. Taylor, of Key West, Fla., for claimant.

⊗▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CALL, District Judge. Lykes Bros., Incorporated, steamship agents of Havana, libeled the American motor schooner Irages, of New Orleans, for advances which they made under a general agreement with the owners to handle vessels of their line of steamships touching at Cuban ports. Thereafter the master and crew of the schooner libeled for their wages. The two libels were consolidated for trial.

Intervening libels were filed by the United States to enforce the collection of a head tax and penalty, based on the allegation that the master of the vessel had brought an alien not entitled to enter into the port of Key West, and failed to detain him on the vessel; by J. P. Florio & Co., stevedores of New Orleans, for loading and unloading cargoes during February, March, and May, 1920; and by Thomas Alvarino & Jacinto Alfonso, S. en C., of Havana, for breach of charter party.

Lykes Bros. are general insurance agents at Havana, and have an office at New Orleans. They agreed to represent a line of steamships, of which the Irages was one, owned by Segari Export & Import Company, a Louisiana corporation, with its principal place of business at New Orleans. Under their agency agreement, Lykes Bros. advanced the sum of $7,386.66, which remains unpaid.

[1, 2] According to the testimony, there was due to the master on account of wages the sum of $873.59, as of November 2, 1920, the date upon which the vessel was seized by the marshal under the court's process. The master and crew claims wages after the vessel was taken into custody. No showing is made of any services rendered to the marshal, and no recovery for wages subsequent to the attachment of the vessel should be allowed. The Estaban de Antunano (C. C.) 31 Fed. 920; The Augustine Kobbe (D. C.) 37 Fed. 696; The Philomena (D. C.) 200 Fed. 873; The Bethulia, 200 Fed. 876. The master has no lien for wages. 70 L. R. A. 381. According to the shipping articles and the testimony as to some extra time and services, I find that the members of the crew are entitled to awards, including interest, as follows:

| | |
|---|---|
| T. A. Sumreall | $964.14 |
| J. H. Buras | 669.01 |
| Ed. Wright | 479.22 |
| Lewis Albury | 42.70 |
| Henry Saunders | 11.00 |
| G. Parsons | 338.58 |
| John Fyne | 59.80 |
| Dewey Parsons | 34.00 |
| A. E. Sands | 59.80 |

Claimant denied the allegations of the government's libel of intervention. Inasmuch as no testimony was offered to sustain it, it will be dismissed.

[3] The evidence in behalf of J. P. Florio & Co., intervening libelants, shows that claimant is indebted to them in the sum of $2,147.90, and there was sufficient evidence to support that claim. But it appears that J. P. Florio & Co. had a general contract with claimant at the home port of the vessel to perform services as stevedores. It is

clear from the testimony that these intervening libelants relied upon the credit of the owner at the home port of the vessel, and therefore no maritime lien exists in their favor.

The libel of intervention of Alvarino & Alfonso, S. en C., sets up a charter party effective August 23, 1920, for three months. This charter party was entered into subsequent to the accrual of the indebtedness in favor of Lykes Bros. and J. P. Florio & Co. for the sum of $25,500, payable one-half cash and the balance in installments of $4,250 each, in 20, 40, and 90 days. It was alleged that $2,940.14 had been advanced to the owners of the schooner under the charter party in excess of the amount earned at the time the libel was filed. But an answer filed by the claimant denied this allegation, and no evidence whatever was offered in support of it. Damages are also claimed for demurrage on account of increased freight rates, but these allegations were unsupported by the evidence. That libel of intervention, therefore, will be dismissed.

The vessel was sold for $9,000, and the proceeds, less expenses of the sale, are now in the registry of the court. The only maritime lien existing in the case is that in favor of the crew. But it is proper that the balance of the fund should be distributed to C. D. Cahoon, master; to Lykes Bros., agents of the vessel; and to J. P. Florio & Co., stevedores.

The pleadings are sufficient to authorize distribution, and the evidence fully shows the amounts due. The distribution can be made in this proceeding, without the taking of further testimony, and without incurring additional expense. The Astoria, 281 Fed. 618, decided June 26, 1922, by the Circuit Court of Appeals, Fifth Circuit. There does not appear to be any good reason or authority for giving either of these accounts priority over the other, and they will be treated as of equal dignity. The question of interest is immaterial, because of the inadequacy of the fund in court for distribution.